UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                  Civil No.

vs.                                Honorable:
                                        Magistrate Judge:

THIRTY-NINE THOUSAND DOLLARS
($39,000) IN U.S. CURRENCY,

                Defendant *In Rem*.

_____/

## **COMPLAINT FOR FORFEITURE**

Plaintiff, the United States of America, by and through Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### **Jurisdiction and Venue**

1.     This is an *in rem* civil forfeiture action under Title 21, United States Code, Section 881(a)(6).

2.     This Court has original jurisdiction over this forfeiture action under Title 28, United States Code, Section 1345 because this action is being commenced by the United States of America as Plaintiff.

3.     This Court has jurisdiction over this forfeiture action under Title 28, United States Code, Section 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and venue for this forfeiture action is proper under Title 28, United States Code, Section 1395(b).

4.     Venue is proper before this Court under Title 28, United States Code, Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States's claims occurred in the Eastern District of Michigan.

5.     Venue is also proper before this Court under Title 28, United States Code, Section 1395(b) because the Defendant *in rem* was found in the Eastern District of Michigan.

## Defendant *in rem*

6.     The Defendant *in rem* consists of Thirty-Nine Thousand Dollars ($39,000) in U.S. Currency. Postal Inspectors of the United States Postal Inspection Service ("USPIS") seized the Defendant *in rem*, after executing a federal search warrant, on or around September 11, 2019 from a post office in the Eastern District of Michigan. The Defendant *in rem* is currently in the custody of the USPIS.

## Statutory Basis for Civil Forfeiture

7.     Title 21, United States Code, Section 881 governs the civil forfeiture

of property which constitutes or is derived from the proceeds of controlled

substance crimes, or which was used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no
> property right shall exist in them....[a]ll moneys, negotiable instruments,
> securities, or other things of value furnished or intended to be furnished by
> any person in exchange for a controlled substance or listed chemical in
> violation of this subchapter, all proceeds traceable to such an exchange, and
> all moneys, negotiable instruments, and securities used or intended to be
> used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## Factual Basis for Civil Forfeiture

8.     The Defendant *in rem* is forfeitable to the United States of America

under Title 21, United States Code, Section 881(a)(6). Evidence supporting

forfeiture includes, but is not limited to, the following:

a.     Experience and drug trafficking intelligence information

gathered by the USPIS shows that the United States Postal Service's ("USPS")

Express and Priority Mail services are frequently used to ship controlled

substances and their proceeds/payments through the United States mail.

b.     USPIS has identified the Los Angeles, California metropolitan

area as a source city for controlled substances because drug traffickers frequently

ship controlled substances from the Los Angeles, California metropolitan area via

United States mail. Similarly, the proceeds/payments for the controlled substances are also shipped via United States mail back to the Los Angeles, California metropolitan area.

       c.    To combat the flow of controlled substances through the mail, the USPIS has interdiction programs in cities throughout the United States that have been identified as controlled substance source cities. As part of these efforts, Postal Inspectors interdict parcels placed into the United States mail.

       d.    Postal Inspectors may further examine interdicted parcels having two or more of the following characteristics: packages mailed from and/or addressed to a city known to be a source city for controlled substances; packages exceeding 8 ounces for Express Mail; packages identifying a fictitious sender and/or a fictitious return address; packages addressed to recipients not associated with the destination address; packages identifying senders not associated with the return address; packages mailed from a different zip code than the zip code used in the return address; packages heavily taped and/or containing handwritten address information; packages not sent using a business account number; and packages mailed from an Automated Postal Center, which eliminates the need for the sender to personally interact with a USPS clerk.

       e.    On or around August 28, 2019, a Postal Inspector identified USPS Express Mail Parcel number: EE 221 541 347 US ("Subject Parcel") while

conducting an outbound parcel interdiction using postal databases. The Subject Parcel was removed from the stream of commerce for further inspection.

      f.    On or around September 3, 2019, the Postal Inspector inspected the Subject Parcel and observed that it was a brown Ready Post box, size small, affixed with USPS Priority Mail Express label EE 221 541 347 US, and bore a handwritten label addressed to "Mr. White, XX74 W. 54th Street, Los Angeles, CA 90043. The return address identified "C. Scott, XX14 W. Jackson, Flint, MI 48505." The Subject Parcel was mailed on August 27, 2019 from the main post office in Flint, Michigan, weighed approximately 3 lbs., 11 oz., and bore $60.40 in postage and fees.

      g.    Utilizing law enforcement databases, the Postal Inspector queried the return address and determined that it contained an incorrect zip code and that the identified sender, C. Scott, was not associated with the return address.

      h.    On or around September 3, 2019, a Postal Inspector met with a Michigan State Police Trooper and his narcotics detecting canine Rocko.

      i.    The Inspector arranged a controlled substance detection test by placing the Subject Parcel with five similar packages. Rocko examined the area and positively altered to the presence of a controlled substance emitting from only the Subject Parcel, and not any of the other packages.

j.      On or around September 3, 2019, an unknown male went to the main post office in Flint, Michigan and inquired about the Subject Parcel. When asked to submit a claim, the unknown male refused to leave his name and number.

k.      Inspectors obtained a federal search warrant for the Subject Parcel. On or around September 11, 2019, Inspectors executed the warrant. Inside the Subject Parcel, Inspectors found bubble wrap protecting a clear, vacuum-sealed bag containing the Defendant *in rem*.

l.      Inspectors reviewed tracking information for the Subject Parcel and identified the IP address used to track the Subject Parcel online. Postal databases showed that the IP address used to track the Subject Parcel was also used to track a package shipped from Los Angeles, California to Flint, Michigan. The sender and return address on the other tracked package was identical to the sender and return address of a subsequently searched package that contained approximately 2 kilograms of cocaine.

m.      An individual named Cocoa Scott called Postal Consumer Affairs regarding the status of the Subject Parcel. In the service request, Ms. Scott identified the contents of the Subject Parcel as a present for her grandmother and valued the contents at approximately '$1,000."

## Claim for Relief

9.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 8, and the subparagraphs therein.

10.     The Defendant *in rem* is forfeitable to the United States of America under Title 21, United States Code, Section 881(a)(6) as property furnished, or intended to be furnished, in exchange for a controlled substance or listed chemical, and/or as proceeds traceable to such an exchange, and/or as property used, or intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et seq*.

Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/Adriana Dydell
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9125
adriana.dydell@usdoj.gov
(CA. Bar No. 239516)

Dated: January 17, 2020

## VERIFICATION

I, Andre Brown, am a Postal Inspector with the United States Postal Service.

I have read the foregoing Complaint for Forfeiture, and declare under penalty of

perjury that the facts contained therein are true to the best of my knowledge and

belief, based upon knowledge possessed by me and/or on information received

from other law enforcement agents and/or officers.

Andre Brown
Postal Inspector
United States Postal Inspection Service

Dated: January 16, 2020

9